**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4396**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ASHLEY NICOLE BRUMFIELD,

Defendant - Appellant.

**No. 17-4397**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ASHLEY NICOLE BRUMFIELD,

Defendant - Appellant.

Appeals from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:10-cr-00227-2; 3:12-cr-00077-1)

Submitted:  November 30, 2017                    Decided:  January 8, 2018

Before NIEMEYER, AGEE, and HARRIS, Circuit Judges.

———————————

Affirmed in part and reversed in part by unpublished per curiam opinion.

———————————

Christian M. Capece, Federal Public Defender, Jonathan D. Byrne, Research & Writing Specialist, Lex A. Coleman, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Carol A. Casto, United States Attorney, Joseph F. Adams, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ashley Nicole Brumfield appeals the 10-month concurrent sentences imposed following revocation of two supervised release terms for drug convictions in 2010 and 2012. Brumfield first contends that the supervised release term on her 2010 conviction had expired before the probation officer filed the petition for revocation and, therefore, the district court was without jurisdiction to review the petition and impose a sentence on that case. Brumfield also contends that the court violated the rule established in *Tapia v. United States*, 564 U.S. 319 (2011), by improperly basing its sentencing decision on its concern for her rehabilitative needs. Under the deferential plain error standard of review applicable here, we agree with Brumfield as to the first argument; however, we disagree with her as to the second.

Where, as here, a defendant presents a claim for the first time on appeal, we review only for plain error. *United States v. McNeal*, 818 F.3d 141, 148 (4th Cir.), *cert. denied*, 137 S. Ct. 164 (2016). To demonstrate plain error, a defendant must show "that there was an error, the error was plain, and the error affected [her] substantial rights." *United States v. Mills*, 850 F.3d 693, 696 (4th Cir. 2017) (brackets and internal quotation marks omitted) *cert. denied*, ___ S. Ct. ___, No. 16-9676, 2017 WL 2734964 (U.S. Oct. 2, 2017). Even where a defendant satisfies these requirements, we need only correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (internal quotation marks omitted).

3

With respect to the 2010 case, the Government concedes that the district court was without jurisdiction to review the revocation petition. We agree. Therefore, we reverse the revocation and imposition of a 10-month term of imprisonment based on this portion of the revocation judgment. *See* 18 U.S.C. § 3583(i) (2012) (district court may only revoke a term of supervised release when a warrant or summons has been issued before the term expired).

Next, we review Brumfield's claim of procedural sentencing error in connection with her 2012 case. Unlike the portion of the revocation judgment attributable to the 2010 case, the Government has not conceded the impropriety of the revocation judgment attributable to this case. We have independently reviewed the record and we conclude that the district court did not plainly err in revoking Brumfield's term of supervised release and sentencing her to a 10-month term of imprisonment in connection with the 2012 case.

Accordingly, we reverse the revocation of the term of supervised release and resulting 10-month sentence in the 2010 case, *United States v. Brumfield*, No. 17-4396 (4th Cir. 2017), and affirm Brumfield's 10-month revocation sentence in connection with the 2012 case, *United States v. Brumfield*, No. 17-4397 (4th Cir. 2017). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*REVERSED IN PART*